RSL 121 East 82nd LLC, Petitioner-Landlord-Respondent, 
against
Jillian Finn, Respondent-Tenant-Appellant.



Tenant appeals from an order of the Civil Court of the City of New York, New York County (Laurie L. Lau, J.), dated June 30, 2016, which, after a hearing, awarded possession to landlord pursuant to the terms of so-ordered stipulation in a holdover summary proceeding.




Per Curiam.
Appeal from order (Laurie L. Lau, J.), dated June 30, 2016, deemed an appeal from the ensuing final judgment (same court and Judge), entered on July 8, 2016, and so considered (see CPLR 5520[c]), final judgment affirmed, without costs.
The hearing evidence, fairly interpreted, supports the court's finding that tenant breached the parties' probationary stipulation in this chronic rent delinquency holdover proceeding by failing to timely pay the June 2015 rent and then failing to pay any rent for the period November 2015 through March 2016. Nor did tenant establish an excuse for her default pursuant to the "documented medical emergency" provision of the stipulation. The hearing evidence showed and Civil Court determined that "tenant present[ed] no [new] documentary evidence of her medical condition as would have excused her default under the probationary stipulation," nor any proof of any ability to become current under the stipulation, the arrears for which then totaled nearly $9,000. Given tenant's extensive history of rent defaults, which continued unabated into the probationary term agreed to by the parties, it was not an abuse of discretion for the court to enforce the stipulation by its terms, which provided for no further defaults and allow for the eviction of tenant (see Wadsworth Ventura Assoc. 367 LLC v Frias, 101 AD3d 474 [2012]; Henry Hudson Gardens, L.L.C. v Bareda, 25 AD3d 466 [2006]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur I concur 
Decision Date: November 30, 2017